UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-7475-GW(GJSx)** | Date | October 6, 2015 |

| | |
|---|---|
| Title | *Elizabeth Crosson, et al. v. Volkswagen Group of America, Inc., et al.*   Page 1 of 5 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) – RULING ON PLAINTIFFS'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [22]**


**I. Background**

    On September 23, 2015, thirteen named plaintiffs (who are residents of eleven different states) filed the present class action against defendants Volkswagen Group of America, Inc. ("Volkswagen America") and its parent company/sole owner Volkswagen AG (a German corporation). *See* Complaint at ¶¶ 13-25, Docket No. 1.  On October 2, 2015, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") which, *inter alia*, added Audi of America LLC and Audi of America, Inc., as defendants.  *See* Amended Complaint at ¶¶ 13-25, Docket No. 16.  Plaintiffs allege that since 2009, Defendants installed a "defeat device" in certain of their diesel powered vehicles which falsified both the fuel efficiency and the level of exhaust emissions in tests conducted or required by the Environmental Protection Agency and/or state regulatory bodies.  *Id.* at  ¶¶ 2-6.  Plaintiffs seek to represent the following class:

> All persons or entities in the United States who are current or former owners and/or lessees of a diesel "Defeat Device Vehicle." Defeat Device Vehicles include, without limitation: Model Year ("MY") 2009-2015 Jetta. MY 2009-2014 Jetta Sportwagen, MY 2012-2015 Beetle and Beetle Convertible, MY 2010-2015 Golf, MY 2015 Golf Sport-wagen, MY 2012-2015 Passat, and MY 2010-2015 Audi A3.

*Id.* at ¶ 134.
    The present lawsuit is one of many similar class actions that have been filed both in the Central District of California and throughout the nation and there is presently an application to the Judicial Panel on MultiDistrict Litigation ("JPML") to transfer the pending class actions to a single MDL court.  *See* Notice of Petition to the Judicial Panel on MultiDistrict Litigation, Docket No. 13.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7475-GW(GJSx)** | Date | October 6, 2015 |
|---|---|---|---|

| Title | *Elizabeth Crosson, et al. v. Volkswagen Group of America, Inc., et al.* | Page | 2 of 5 |
|---|---|---|---|

On October 2, 2015, Plaintiffs filed an Application for a Temporary Restraining Order, *see* Docket No. 18, which was subsequently withdrawn on October 5, 2015. *See* Docket No. 26. On October 4, 2015, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. *See* Docket No. 22. Plaintiffs aver that:

> Defendants have initiated a campaign through direct email, website postings, and soon-to-begin direct telephone calls to deliver to named Plaintiffs and members of the proposed class incomplete and therefore misleading information about the Volkswagen and Audi cars at the heart of this litigation. Defendants are refusing to include in their notices any information about this action or similar class cases, causing class members to make decisions and compromise their legal claims before they are even fully informed of them.

*Id.* at page 2 of 12. The sole evidentiary basis for Plaintiffs' claim that the Defendants are improperly contacting named plaintiffs in the class action and putative class members is a declaration from named plaintiff Duane Inoue that on September 23, 2015, he received an unsolicited email "purporting to be from Audi of America, Inc." which he has attached to his declaration.[1] *See* Inoue Declaration and Exhibit 1 thereto, Docket No. 23. The email includes the following statements:

> The Environmental Protection Agency and California Air Resources Board have deter-mined that Audi A3 models equipped with 2.0-litter TDI engines contained software aimed at producing better emissions results in testing, and that these vehicles do not comply with emissions standards . . . .
>   Make no mistake, we at Audi of America view this situation as unacceptable and we are pushing for remedies that can be presented to regulatory authorities and to our loyal customers and fans. We intend to make things right.
>   If you own an Audi A3 2.0-liter TDI model we want to start a dialogue with you, and we will be reaching out directly by phone over the next couple of weeks with additional information, support and next steps . . . .

*Id.* at pages 4-5 of 5. Plaintiffs seek a temporary restraining order ("TRO") barring Defendants

---

[1] Plaintiffs also provided evidence that Volkswagen America on its website has included materials regarding the defeat device and its efforts in that regard to address the situation. *See* Declaration of Gretchen Freeman Cappio at ¶¶ 12-13 and Exhibits 4-5, Docket No. 19. However, there is no evidence in the current papers before the Court that Volkswagen America is affirmatively contacting named plaintiffs or putative class members directly.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-7475-GW(GJSx)** | Date | October 6, 2015 |
|---|---|---|---|

| Title | *Elizabeth Crosson, et al. v. Volkswagen Group of America, Inc., et al.* | Page | 3 of 5 |
|---|---|---|---|

from:

    a) from engaging in any unsolicited communications with named Plaintiffs;
    b) from distributing any misleading communications with members of the putative class in this action;
    c) from soliciting ex parte opt-outs from the putative class; and
    d) are hereby directed to send corrective communications to class members where mis-leading communications have been issued.

*See* Docket No. 24-1 at 2.

On October 5, 2015, Volkswagen America filed an opposition to the Ex Parte Application for itself only, indicating that none of the other named Defendants had been served with process. *See* Docket No. 30, page 2, footnote 1.

**II.  Discussion**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Analysis of a temporary restraining order is "substantially identical" as that for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F.Supp.2d 1111, 1117 (C.D. Cal. 2011) ("'The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.'") (quoting *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995)). In considering whether to issue a TRO, the relevant period for the focus of the analysis is the time between the application and the preliminary injunction hearing.

Volkswagen America initially argues that the application is premature because Judge Margaret Morrow has the earliest of the "defeat device" cases in the Central District and it has filed Notice of Related Case. *See* Docket No. 30 at page 10 of 20. However, there is no indication that Judge Morrow will accept the low-number transfer. Additionally, all of the cases are subject to the pending petition to the JPML and, hence, Judge Morrow may be only a temporary harbor for this case. Consequently, this Court will address the merits of the application.

Volkswagen America also raises the contention that the TRO presently sought would violate its First Amendment rights. As noted by that defendant, the Supreme Court considered the issue of restraining orders limiting communications between parties/their counsel and class members in the Rule 23 context in light of First Amendment and other considerations. *Id.* at 13 of 20. As stated in *Gulf Oil v. Bernard*, 452 U.S. 89, 101 (1981): "Because of these potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 15-7475-GW(GJSx)**                                     Date   October 6, 2015

Title   *Elizabeth Crosson, et al. v. Volkswagen Group of America, Inc., et al.*   Page   4 of 5

problems, an order limiting communi-cations between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."

Here, Plaintiffs have not shown that the communications conducted thus far by any defendant is so misleading or problematic that it raises the specter of potential interference with the rights of any party. The Court would note that the only Defendant, who has been shown to have attempted to make direct contact with any plaintiff, is Audi of America, Inc. Further, at the time of the September 23, 2015 email, Audi of America, Inc., was not a named defendant in this action and, hence, there is no evidence that it knew that Inoue was a named plaintiff here or even that this lawsuit had been filed. Moreover, the email does not appear to contain any affirmative misrepresentation or even an offer that would bind or effect the recipient's ability to participate in the class action, should it be certified. *Compare O'Connor v. Uber Technologies, Inc.*, Case No. C-13-3826-EMC, 2013 U.S. Dist. LEXIZ 172477 *9-23 (N.D. Cal. Dec. 6, 2013). Indeed, the major impropriety of the defendant's communication is its failure to notify plaintiffs/class members of the pending class actions filed against the Defendants.[2]

A showing of immediate and irreparable harm is the single most important prerequisite for the issuance of a TRO. To put it simply, at this point the Court does not find that Plaintiffs have provided enough materials for the Court to find any such immediate and irreparable injury. While an intentional and unauthorized communication between a defendant and a named class action plaintiff would give this Court serious concerns, as noted above, the only evidence of a direct communication between a defendant and a named plaintiff was during a period where it was not shown that the defendant knew and hence intentionally sought to interfere with an existing attorney-client relationship. As to Defendants' contacts with putative class members prior to class certification, there are numerous cases which have held that such conduct is not prohibited or problematic so long as the communications are not misleading, coercive or otherwise improper. *See, e.g., Giles v. St. Charles Health Sys.*, 980 F.Supp.2d 1223, 1226 (D. Or. 2013); *Quezada v. Schneider Logistics*, Case No. CV-12-2188-CAS, 2013 U.S. Dist. Lexis 47639 *9-10 (C.D. Cal. March 25, 2013); *Parks v. Eastwood, Ins. Servs., Inc.*, 235 F.Supp.2d 1082, 1084 (C.D. Cal. 2002); *but see* Annotated Manual for Complex Litigation (Fourth Ed. 2007) § 21.12 at 336 (questioning the propriety of defendants seeking to obtain releases from class members without informing them that a class action has been filed – a situation which is not currently pending here).[3]

---

[2] Obviously, as to the named Plaintiffs, the omission of any reference to pending class actions would not have any negative effect as, by definition, they are already aware of the pending lawsuits and their rights thereunder.

[3] To make clear, this Court has not found any evidence that a Defendant has attempted to obtain a release or to preclude a putative plaintiff's participation in a pending class action.

CV-90                                     **CIVIL MINUTES—GENERAL**                          Initials of Deputy Clerk JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-7475-GW(GJSx) | | Date | October 6, 2015 |
|---|---|---|---|---|
| Title | *Elizabeth Crosson, et al. v. Volkswagen Group of America, Inc., et al.* | Page | 5 of 5 | |

**III. Conclusion**

    For the reasons stated herein, Plaintiffs' Ex Parte Application for a TRO is DENIED. If the Plaintiffs seek a preliminary injunction as to any matter raised in their application, they are to file a separate, regularly scheduled motion.